IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JAMES JOHNSON, Individually and on**                 **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 5:21-cv-5075-PKH

**OZARK MOUNTAIN POULTRY, INC.,**                  **DEFENDANTS**
**and GEORGE'S, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff James Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Ozark Mountain Poultry, Inc., and George's, Inc. (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants are headquartered and have locations in Fayetteville; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Izard County.

7. Separate Defendant Ozark Mountain Poultry, Inc. ("OMP"), is a domestic, for-profit corporation.

8. OMP's registered agent for service of process is K.C. Dupps Tucker, at 1830 Shelby Lane, Fayetteville, Arkansas 72704.

9. OMP in the course of its business maintains a website at https://www.ozarkmountainpoultry.com/.

10. Separate Defendant George's, Inc. ("George's"), is a domestic, for-profit corporation.

11. George's registered agent for service of process is K.C. Dupps Tucker, at The Law Group of Northwest Arkansas, LLP, 1830 Shelby Lane, Fayetteville, Arkansas 72704.

12. George's in the course of its business maintains a website at https://www.georgesinc.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. In or around October of 2018, George's acquired OMP.

15. Upon information and belief, George's assumed OMP's liabilities upon acquisition.

16. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17. Upon information and belief, the revenue generated from OMP and George's was merged and managed in a unified manner.

18. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

19. George's name and logo appear on the paystubs of OMP employees.

20. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

21. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as equipment and chicken products.

22. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

23. Defendants own and operate chicken factories.

24. Upon information and belief, Defendant has at least five locations throughout Arkansas.

25. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

26. Defendant employed Plaintiff as an hourly-paid Pallet Jack Operator from June of 2020 to March of 2021.

27. Plaintiff worked at Defendant's location in Batesville.

28. Defendant also employed other hourly-paid employees to perform the work necessary to its business (hereinafter referred to as "hourly employees")

29. In addition to his hourly wage, Plaintiff received attendance bonuses.

30. Plaintiff received an attendance bonus each week he did not miss any days of work and was not late clocking in.

31. The weekly attendance bonuses are nondiscretionary and are based on employee performance.

32. Upon information and belief, all or most hourly employees who worked on-site received weekly attendance bonuses.

33. Defendant informs its hourly employees of the bonuses upon hiring because the bonuses are part of Defendant's compensation package and hourly employees expect to receive the bonuses.

34. Defendant informed Plaintiff of the bonuses upon hiring and Plaintiff expected to, and did in fact, receive bonuses.

35. Defendant directly hired Plaintiff and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

36. Plaintiff and other hourly employees regularly worked in excess of forty hours per week throughout their tenure with Defendant.

37. Defendant paid Plaintiff and other hourly employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

38. However, Defendant did not include the bonuses that were paid to Plaintiff and other hourly employees in their regular rates when calculating their overtime pay even though Plaintiff and other hourly employees received bonuses in pay periods in which they also worked in excess of forty hours per week.

39. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

40. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the non-discretionary bonuses of Plaintiff and other hourly employees, in their regular rate when calculating their overtime pay.

41. Defendant's pay practices were the same for all hourly workers who received bonuses.

42. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

43. Because of the volume of work required to perform their jobs, Plaintiff and other hourly employees consistently worked in excess of forty hours per week.

44. In May or June of 2020, Plaintiff was not paid for several weeks of work until Defendants retroactively paid Plaintiff for this time in approximately July of 2020.

45. Although Plaintiff worked well over forty hours per week during the weeks he wasn't paid, when Defendant finally paid his wages, they paid him, upon information and belief, his regular hourly rate for all hours worked. In other words, Defendant failed to pay Plaintiff overtime premiums during that time.

46. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants

within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

49.    Plaintiff proposes the following class under the FLSA:

> **All hourly employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

50.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52.    The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were eligible for and received nondiscretionary bonuses;

    C.    They worked over forty hours in at least one week in which they performed work related to a bonus; and

    D.    They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

53. Plaintiff is unable to state the exact number of the class but believes that the class exceeds one hundred (100) persons.

54. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

55. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

56. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

62. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

63. Defendant knew or should have known that its actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

73. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

74. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

75. Defendant knew or should have known that its actions violated the FLSA.

76. Defendant's conduct and practices, as described above, were willful.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

80. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

81. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

82. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

83. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

84. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

85. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

86. Defendant knew or should have known that its practices violated the AMWA.

87. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Johnson, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JAMES JOHNSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Lydia H. Hamlet
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com